Mary Jo O'Neill, AZ Bar No. 005924
Andrea Baran, MO Bar No. 45620
Meenoo Chahbazi, DC Bar No. 494651
**Equal Employment Opportunity Commission**
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Telephone: 602-640-5061
Email: meenoo.chahbazi@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) ) | Complaint |
| vs. | ) ) | |
| Los Muchachos, L.L.C., d/b/a Casey Jones Grill | ) ) ) | (Jury Demand) |
| Defendants. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, and to provide appropriate relief to Erin Pastula and a class of females who were adversely affected by such practices. The Commission alleges that Defendant, Los Muchachos L.L.C. d/b/a Casey Jones Grill ("Defendant" or "Casey Jones") discriminated against Erin Pastula and a class of individuals on the basis of their sex, female, by subjecting them to sex-based and sexual harassment that created a hostile work environment. The Commission further alleges that Ms. Pastula and a class of female

employees were constructively discharged because of the hostile work environment or were terminated on the basis of sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Los Muchachos L.L.C, doing business as Casey Jones Grill, has continuously been an Arizona corporation doing business in the State of Arizona, and has continuously had at least 15 employees.

5. At all relevant times, Los Muchachos L.L.C, doing business as Casey Jones

Grill, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Title VII Section 706(b).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Erin Pastula filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Charging Party Erin Pastula, and a class of similarly situated female employees, were employed by Casey Jones.

9. At all relevant times, Nick Karendreas was the sole member of Los Muchachos L.L.C. and the owner and manager of Casey Jones.

10. Since at least December 2007, Defendant has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include the sex-based and sexual harassment of Erin Pastula and a class of females, which created a hostile work environment for them based on their sex, female, and the constructive discharge and

termination of female employees because of their sex. These practices include, but are not limited to:

    a)    regularly calling female employees names including, but not limited to, "cunt," "bitch," "slut," "dumb cunt," "stupid bitch," "fucking bitch" and "idiot."

    b)    treating female employees in a demeaning manner by physically accosting them.

    c)    subjecting female employees to sexual comments and innuendo such as telling a female employee to "stand on the corner and shake [her] tits to get customers in."

    d)    yelling and screaming derogatory and/or vulgar comments at female employees.

    e)    constructively discharging Erin Pastula and a class of female employees by creating a hostile work environment that became intolerable.

    f)    threatening to terminate female employees, telling them, for example, that there were other "whores" who would take their jobs or telling them that other "bitches" had been fired.

    g)    terminating a class of female employees on the basis of their sex, female.

11. The hostile work environment set forth in paragraph 10 includes, but is not limited to, sexual and sex-based harassment and discrimination by Defendant's owner, Nick Karendreas, who was a principal harasser.

12. The effect of the practices complained of in paragraph 10 above has been to deprive Erin Pastula, and a class of females, of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

13. The unlawful employment practices complained of in paragraph 10 above were intentional.

14. The unlawful employment practices complained of in paragraph 10 above were done with malice and/or with reckless indifference to the federally protected rights of Erin Pastula and a class of females employed by Defendants.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in the harassment of employees because of sex, from terminating employees because of sex, and any other employment practice which discriminates against any individual on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of sex and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Erin Pastula, and a class of females, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement of Erin Pastula and a class of females.

D. Order Defendant to make whole Erin Pastula, and a class of females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 14 above, in amounts to be determined at trial.

E. Order Defendant to make whole Erin Pastula, and a class of females, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 14 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Erin Pastula, and a class of females, punitive damages for its malicious conduct and/or reckless indifference described in paragraphs 10 through 14 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this

complaint.

RESPECTFULLY SUBMITTED this 29th day of September, 2010.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, NW
Washington, D.C. 20507

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/Andrea Baran
ANDREA BARAN
Supervisory Trial Attorney

s/ Meenoo Chahbazi
MEENOO CHAHBAZI
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the Trial Attorneys.**